NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MALACHI BENJAMIN,<br><br>Defendant. | Cr. No. 19-79<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Notice of Appeal of a Magistrate Judge Order filed by Defendant Malachi Benjamin ("Defendant"). (ECF No. 199.) The Court has decided the Appeal based on the written submissions of the parties and without oral argument. For the reasons stated herein, Defendant's Appeal (ECF No. 199) is denied, and the Magistrate Judge's Detention Order (ECF No. 78) and Order Denying Defendant's Renewed Motion for Reconsideration of Pretrial Release (ECF No. 197) are affirmed.

## BACKGROUND

Defendant is currently in pretrial detention at Metropolitan Detention Center, Guaynabo in Guaynabo, Puerto Rico. (Mot. for Recons. ¶ 6, ECF No. 167.) Defendant was indicted for violations of controlled substances laws, including conspiracy to manufacture and possession with intent to distribute marijuana and cocaine, contrary to 21 U.S.C. §§ 846 and 841(A)(1), and possession of a firearm in furtherance of a drug trafficking conspiracy, contrary to 18 U.S.C. §

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

924(c)(1)(A). (Indictment at 2–3, 13, ECF No. 55.)[2] The Government moved to detain Defendant pending trial. (ECF No. 75.)

A detention hearing was held on February 14, 2020 before the Magistrate Judge. (ECF No. 178.) At the hearing, the Government presented the testimony of David Wyrzykowski, a Task Force Agent with the Drug Enforcement Administration ("DEA") High Intensity Drug Trafficking Areas ("HITDA") Task Force. (*See* Tr. of Hr'g at 7.) Agent Wyrzykowski testified about Defendant's involvement with multiple incidents involving drugs and firearms, including a shootout in a public area. (*Id.* at 10–21.) The Government also relied on a photograph of Defendant with a firearm. (*Id.* at 16.) Defendant presented Maya Liburd as a potential third-party custodian. (*Id.* at 31–36.)

The Magistrate Judge determined that Defendant's charges raised a presumption that no condition or combination of conditions would reasonably assure Defendant's appearance and the safety of the community. (Detention Order at 2, ECF No. 78.) The Magistrate Judge also concluded that notwithstanding the presumption, the factors outlined in 18 U.S.C. § 3142(g) warranted detention. (*Id.*) The Magistrate Judge found, among other things, that Defendant's criminal history of firearms offenses and his participation in violent criminal activity while on pretrial release for other matters necessitated detention. (*Id.*; Recons. Order at 2, ECF No. 179.)

On September 2, 2020, Defendant moved for reconsideration of his pretrial detention, primarily on the basis of the intensifying COVID-19 pandemic. (*See* Mot. for Recons. ¶ 12.) The Magistrate Judge denied that Motion. (ECF No. 179.) On April 15, 2021, Defendant filed a Renewed Motion for Reconsideration of Pretrial Release, requesting that the Magistrate Judge

---

[2] The Government has stated that it plans to supersede Defendant's indictment, a process which has been repeatedly delayed due to the Government's inability to secure a quorum to convene the grand jury. (*See* ECF No. 225.)

revisit her prior Detention Order. (ECF No. 193.) The Magistrate Judge concluded that Defendant "has proffered no information that was not already considered by this Court at the initial hearing and thereafter, with the exception that [D]efendant now has another drug-related conviction." (Renewed Recons. Order at 2.) Accordingly, the Magistrate Judge declined to reconsider Defendant's pretrial release and denied the Motion. (*Id.*)

On May 10, 2021, Defendant filed an Appeal of the Magistrate Judge's denial of his Renewed Motion for Reconsideration of Pretrial Release. (ECF No. 199.) The Government filed an Opposition (ECF No. 221), and Defendant filed a Reply (ECF No. 222). Defendant's Appeal is presently before the Court.

## **LEGAL STANDARD**

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court considers the issues raised in an objection to the magistrate judge's detention order de novo. *See United States v. Matthias*, 2017 WL 1536430, at *5 (D.V.I. Apr. 27, 2017) (citing *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985)). At the same time, "the reasons articulated by the magistrate judge for or against detention must be given 'respectful consideration.'" *Id.* (quoting *United States v. Suppa*, 799 F.2d 115, 120 (3d Cir. 1986)). "The district court may make its independent determination based solely on the evidence introduced at the hearing before the magistrate judge." *Id.*

Pretrial detention of a criminal defendant will be ordered only if, after a hearing upon motion by the Government, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). In making the determination as to

whether no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community, the judicial officer must consider:

>   (1)   the nature and circumstances of the offense changed, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>   (2)   the weight of the evidence against the person;
>
>   (3)   the history and characteristics of the person, including—
>
>   >   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   >
>   >   (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Section 3142(e) of the Bail Reform Act provides a presumption of detention for certain crimes. The statute provides, in relevant part, that,

> it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> >   (A)   an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*), . . . or . . .
> >
> >   (B)   an offense under section 924(c) . . .

18 U.S.C. § 3142(e)(3). When § 3142(e)'s presumption applies, the defendant must produce

4

credible evidence that he will not present a threat to the community. *See United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). If the defendant presents such evidence, then the burden shifts to the Government to establish dangerousness by clear and convincing evidence, and risk of flight by a preponderance of the evidence. *United States v. Kanawati*, 2008 WL 1969964, at *2 (D.V.I. May 5, 2008) (citing *United States v. Himler*, 797 F.2d 156, 160–61 (3d Cir. 1986); *United States v. Traitz*, 807 F.2d 322, 324 (3d Cir. 1986)).

## **DISCUSSION**

Defendant appeals the Magistrate Judge's Order denying his Renewed Motion for Reconsideration of Pretrial Release. (ECF No. 199.) The Court will consider both the underlying Detention Order and the Magistrate Judge's Order denying his Renewed Motion for Reconsideration.

**I.     Detention Order**

   A.     *Presumption of Detention*

Under applicable law, the crimes Defendant is charged with—conspiracy to manufacture and possession with intent to distribute marijuana and cocaine and possession of a firearm in furtherance of a drug trafficking conspiracy—give rise to a presumption of detention if the judicial officer finds that there is "probable cause" that Defendant committed the crimes. *See* § 3142(e)(3)(A), (B). "It is well-established that an 'indictment is sufficient to support a finding of probable cause' necessary for the rebuttable presumption under § 3142(e) to arise." *Matthias*, 2017 WL 1536430, at *14 (quoting *Suppa*, 799 F.2d at 119). In this case, Defendant was indicted by the grand jury for the charges he faces. (*See* Indictment at 2–3, 13.) Accordingly, probable cause exists and the rebuttable presumption applies.

Next, Defendant did not present evidence at the detention hearing, and has not produced

evidence since, that rebuts the presumption that he is not a threat to the community. Although Defendant presented evidence of his ties to the community and the availability of a third-party custodian, (*see* Tr. of Hr'g at 31–36, 46), he did not present any credible evidence *rebutting* the statutory presumption that he is a danger to the community. *See United States v. Perry*, 788 F.2d 100, 107 (3d Cir. 1986) (concluding that the defendant had not rebutted the presumption of detention despite his testimony about "his ties to the community, the fact that he was out on bail from state court charges and had not fled, his education, and his intention to remain . . . to face all charges"); *Matthias*, 2017 WL 1536430, at *15 (finding that evidence of the defendant's "ties to family and the community; the availability of two third-party custodians and a place to stay; and his voluntary surrender to police" was insufficient to rebut the presumption of detention); *United States v. McKnight*, 2021 WL 615211, at *6 (D.N.J. Feb. 17, 2021) (holding that the defendant did not rebut the presumption of detention because evidence of his ties to the community had no "bearing on his danger to the community" and other evidence weighed in favor of detention); *cf. Carbone*, 793 F.2d at 561 (finding that the defendant successfully rebutted the presumption of detention where the defendant was a first-time offender, he had an offer of steady employment and a place to live, and members of his community "posted one million dollars in [residential] property as surety"). Simply put, because Defendant did not come forward with credible evidence of lack of dangerousness, he failed to rebut the presumption under § 3142(e). *See Perry*, 788 F.2d at 115.

    B.    *Section 3142(g) Factors*

The Magistrate Judge found that Defendant had presented evidence sufficient to rebut the presumption, but after considering the presumption and the § 3142(g) factors, concluded that detention was warranted. (*See* Detention Order at 2.) Specifically, the Magistrate Judge found

that the Government demonstrated (1) by clear and convincing evidence that no condition or combination of conditions could be imposed on Defendant that would reasonably assure the safety of any other person and the community; and (2) by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. (Detention Order at 2.) Notwithstanding the Defendant failed to rebut the presumption of detention, the Court agrees with the Magistrate Judge's conclusion regarding the § 3142(g) factors.

First, Defendant is charged with serious narcotics and firearms crimes, some of which carry authorized sentences of up to life in prison under certain circumstances. *See* 21 U.S.C. § 841(b)(1)(B).

Second, the weight of the evidence is substantial. At the detention hearing, Agent Wyrzykowski testified about Defendant's ties to a known drug trafficking organization, including that an individual living on the organization's compound identified Defendant as his roommate, and that Defendant had previously been arrested in a different house owned by the organization. (Tr. of Hr'g at 10, 29–30.) Agent Wyrzykowski testified that, when federal agents executed a search warrant on the compound, an agent saw someone who appeared to be Defendant running away, and found Defendant's phone in the path of flight. (*Id.* at 10, 30.) As a result of that search warrant, the DEA recovered assault rifles, handguns, and large quantities of marijuana and cocaine. (*Id.* at 9, 11.)

Third, although Defendant has lived on St. Croix most of his life and has ties to the community, (*see id.* at 46), he also has a history of narcotics and firearms offenses and violations of supervised release, (*see id.* at 11–19). Agent Wyrzykowski testified about Defendant's prior arrest for firearms offenses in 2015. (*Id.* at 11–13.) He also testified that Defendant fled the scene

during a traffic stop by police in 2018. (*Id.* at 17–18.) Authorities recovered packaged cocaine, firearms, and ammunition from the vehicle during the stop. (*Id.* at 19.) Ultimately, Defendant was charged with and pled guilty to possession with intent to distribute cocaine. (*See United States v. Benjamin*, Cr. No. 19- 80, ECF No. 74.) Additionally, Agent Wyrzykowski testified that Defendant violated conditions of supervised release multiple times in 2019, including by leaving the island without permission and changing his phone number. (Tr. of Hr'g at 14–15.) He testified that Defendant was taken into custody in Atlanta, Georgia, and that his probation officer was unaware that Defendant had left the territory. (*Id.* at 43.)

Fourth, there is evidence that Defendant presents a continuing danger to the community. The Government presented evidence, in the form of Agent Wyrzykowski's testimony and a photograph of Defendant with a firearm, that Defendant was involved in a public shootout in 2019. (*Id.* at 15–17.). And, troublingly, this alleged shootout took place while Defendant was on supervised release for another crime. (*Id.* at 15.)

Under these circumstances, the Court finds that the Government has demonstrated (1) by clear and convincing evidence that no condition or combination of conditions could be imposed on Defendant that would reasonably assure the safety of any other person and the community; and (2) by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. For this reason, the Court affirms the Magistrate Judge's Detention Order.

**II.     Renewed Motion for Reconsideration of Pretrial Release**

Pursuant to the Bail Reform Act, after the initial detention hearing is concluded,

> [t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will

reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

In denying Defendant's Renewed Motion for Reconsideration of Pretrial Release, the Magistrate Judge concluded that Defendant "has proffered no information that was not already considered by this Court at the initial hearing and thereafter, with the exception that defendant now has another drug-related conviction." (Renewed Recons. Order at 2.)

Defendant now raises two issues that the Magistrate Judge did not consider: (1) the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019); and (2) alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, due to the COVID-19 pandemic. (Def.'s Br. ¶¶ 13–18, ECF No. 199.)

### A.   *United States v. Davis*

In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), the so-called "residual clause" of the statute's definition of a "crime of violence," was unconstitutionally vague. 139 S. Ct. at 2336. Here, Defendant is charged with possession of a firearm in furtherance of a drug trafficking crime, contrary to § 924(c)(1)(A). (*See* Indictment at 13.) Defendant's § 924(c) charge does not rely on the statute's definition of a "crime of violence." *Compare* § 924(c)(2) *with* § 924(c)(3). Thus, *Davis* has no impact on Defendant's bail status.

### B.   *Speedy Trial Act*

From the outset, the Court notes that Defendant presented his COVID-19 arguments to the Magistrate Judge in his first Motion for Reconsideration of Pretrial Release, (*see* Mot. for Recons. ¶¶ 12–13), which the Magistrate Judge considered and denied (*see* Recons. Order at 2–4). Defendant did not present any new COVID-19 concerns or further specificity in his Renewed Motion for Reconsideration. (*See* Def.'s Br. ¶¶ 17–18.)

Defendant argues that his rights have been violated under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, because he has still not received a trial. (*See* Reply at 15, ECF No. 222.) However, the District Court of the Virgin Islands has adopted several standing orders that continue the requirements of the Speedy Trial Act due to the COVID-19 pandemic. *See, e.g.*, *In re District Court Operations During the COVID-19 Outbreak*, Misc. No. 2020-0001 (D.V.I. June 30, 2021) (concluding that "the ends of justice" are served by designating July 1, 2021 through July 31, 2021 as "excluded time" under the Speedy Trial Act). And several courts have concluded that similar standing orders validly toll the Speedy Trial clock. *See, e.g.*, *United States v. Wimbush*, 2021 WL 1811668, at *6–7 (D.N.J. May 6, 2021); *United States v. Kaetz*, 2021 WL 1251711, at *2–3 (D.N.J. Apr. 5, 2021); *United States v. Shaner*, 2020 WL 6700954, at *5 (M.D. Pa. Nov. 13, 2020); *United States v. Briggs*, 2020 WL 3077171, at *2–3 (E.D. Pa. June 10, 2020).

In the final analysis, the Court concludes that Defendant did not raise any new, material information in his Renewed Motion for Reconsideration that was not already considered by the Magistrate Judge. Accordingly, the Magistrate Judge did not err by denying Defendant's Renewed Motion for Reconsideration.

## **CONCLUSION**

For the foregoing reasons, Defendant's Appeal of the Magistrate Judge's denial of his Renewed Motion for Reconsideration of Pretrial Release (ECF No. 199) is denied. The Magistrate Judge's Detention Order (ECF No. 78) and Order Denying Defendant's Renewed

Motion for Reconsideration of Pretrial Release (ECF No. 197) are affirmed. An appropriate Order will follow.

Date: <u>August 11, 2021</u>	<u>/s/ *Anne E. Thompson*</u>
	ANNE E. THOMPSON, U.S.D.J.